UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>MARK A. CHAPMAN,<br><br>    Defendant. | Case No. 92-cv-02500-WDB   (JSC)<br><br>**ORDER REQUESTING SUPPLEMENTAL PLEADINGS REGARDING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 39 |

In 1992, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Mark Chapman. Default judgment was entered against Mr. Chapman on March 10, 1993 in the amount of $2,481.60. Nearly 22 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Mr. Chapman's earnings from the State Farm Mutual Automobile Insurance Company. (Dkt. No. 39.) Because the Court has concerns regarding certain aspects of the application, the United States is ordered to file a supplemental memorandum and declaration in support of its application as set forth below.

**DISCUSSION**

To obtain a writ of garnishment, the United States must (1) file an application for a writ of garnishment in accordance with 28 U.S.C. § 3205(b), and (2) prepare and file with the Clerk of the Court a notice in the form proscribed in 28 U.S.C. § 3202(b). The notice must include an explanation of the judgment debtor's rights, exemptions that may apply, and the procedures applicable if the judgment debtor disputes the issuance of the writ. 28 U.S.C. § 3202(b). These procedures include the right to request a hearing before the Court within 20 days of receipt of the notice. *Id.* The Clerk shall issue the notice upon filing and the United States shall serve the notice

and copy of the application for a writ of garnishment on the judgment debtor and the garnishee. 28 U.S.C. § 3202(c).

Upon receipt of an application for a writ of garnishment, the court shall issue the writ of garnishment if it is satisfied that the United States has complied with the requirements of Section 3205(b). In particular, the application must indicate: (1) the judgment debtor's name, social security number, and last known address, (2) the nature and amount of the debt owed, and (3) that the garnishee is believed to have possession of property in which the debtor has a substantial nonexempt interest. 28 U.S.C. § 3305(b)(1). If the court grants the writ of garnishment, the United States must serve the writ on the garnishee and the judgment debtor along with (1) instructions "explaining the requirement that the garnishee submit a written answer to the writ," and (2) "instructions to the judgment debtor for objecting to the answer of the garnishee and for obtaining a hearing on the objections." 28 U.S.C. § 3205(c)(3). The garnishee is then required to answer in writing. 28 U.S.C. § 3205(c)(3). Section 3205(c)(5) allows a defendant (judgment debtor) to file a request for a hearing within twenty days after receipt of the answer by the garnishee. 28 U.S.C. § 3205(c)(5).

The Court is not yet comfortable with issuing the notice and writ in this case for three reasons. First, this is the United States' second request for a writ of garnishment in this action. Judge James granted a writ on December 2, 2014 (Dkt. No. 35), but the docket reflects that the writ was returned unexecuted on January 6, 2015 (Dkt. No. 38). Eight days later, the United States filed the now pending application for the writ, which does not address the prior application and grant of writ. (Dkt. No. 39.) The only difference between the two applications is the address for the garnishee, State Farm Mutual Automobile Insurance Company. 28 U.S.C. § 3205(c)(6) provides that upon receipt of a writ of garnishment, the garnishee may either "answer the writ of garnishment or [ ] withhold property in accordance with the writ." Thus, the Court cannot simply infer from the fact that the prior writ was returned unexecuted, that the garnishee is not in fact withholding payment in accordance with the writ. The United States shall supplement its request with an explanation of what happened with the prior writ and why a second writ is sought.

Second, the application indicates that Mr. Chapman was served with the writ application at his last known address of 250 E. Hamilton Avenue, Ste. B. Campbell, California 95008; however, neither the application nor declaration filed in support of the application reflects how this address was identified. Further, an internet search reflects that this is a business not residential address, and in fact, an address for a State Farm office. Because the Court must assure itself that every reasonable effort was made to obtain a correct address for Mr. Chapman, the application should indicate whether this is Mr. Chapman's business or residential address and should explain how this address was identified especially in light of the fact that the United States' prior correspondence with Mr. Chapman suggested that he worked at Saratoga Are Senior Coordinating Council. (Dkt. No. 40-1 at 4.) Accordingly, the United States shall specify what steps it took to determine Mr. Chapman's current address and when it did so.

Third, the original default judgment was for $2,481.60 plus interest at a rate of 3.45 percent to be compounded annually. (Dkt. No. 31.) The United States indicates that the total balance is now $4,885.06. The United States shall supplement its application with an accounting of how this amount was determined.

Finally, it is unclear which of the United States' filings have been served on Mr. Chapman. Because the writ has yet to issue, the United States' obligation to serve arises under Section 3202(c) rather than Section 3205(c)(3). Section 3205(c) appears to apply only once the court grants the writ. Under Section 3202(c), the United States must serve a copy of the notice and the application for a writ on both the judgment debtor and the garnishee. Arguably, the United States' obligation to so serve only arises after the Clerk issues the notice which has not yet happened here given the Court's concerns. (Dkt. No. 39-3.) Nonetheless, the United States has filed a proof of service that indicates that it served Mr. Chapman with:

> DECLARATION OF MICHAEL COSENTINO IN SUPPORT OF APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> APPLICATION FOR WRIT OF CONTINUING GARNISHMENT, and the
>
> (Proposed) ORDER GRANTING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT and the

3

(proposed) WRIT OF CONTINUING GARNISHMENT (Dkt. No. 40 at 3.)  It is unclear from this proof of service whether the United States served Mr. Chapman with the attachments to the Application.  This ambiguity is critical because the attachments include the notice required by Section 3202.  The Court also notes that the attachments are docketed as "errata" even though they are not marked as "errata" on the documents themselves and they are not corrections to any previously filed documents.  The United States shall explain the errata designation in its supplemental filing.

In light of these concerns and questions, within 14 days from the date of this Order the United States is ordered to file a supplemental memorandum with supporting declaration which answers: (1) what happened with the prior writ, (2) what steps were taken to ascertain Mr. Chapman's last known address, (3) how the amount due and owing was computed, (4) exactly what documents the United States served on Mr. Chapman, and (5) why the attachments to the Application are docketed as "errata."

**IT IS SO ORDERED**.

Dated: February 13, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge