UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>MARK A. CHAPMAN,<br>Defendant. | Case No. 92-cv-02500-WDB (JSC)<br><br>**ORDER DENYING APPLICATION FOR WRIT OF CONTINUING GARNISHMENT**<br><br>Re: Dkt. No. 39 |

In 1992, Plaintiff the United States of America brought an action to collect a student loan debt from Defendant Mark Chapman. Default judgment was entered against Mr. Chapman on March 10, 1993 in the amount of $2,481.60. Nearly 22 years later, the United States filed the now pending Ex Parte Motion for Writ of Continuing Garnishment seeking an order authorizing garnishment of Mr. Chapman's earnings from the State Farm Mutual Automobile Insurance Company. (Dkt. No. 39.) On February 13, 2015, the Court issued an Order requesting supplemental briefing regarding the application. (Dkt. No. 42.) The United States has filed its response. (Dkt. No. 43.) Because the Court's concerns regarding service remain, the Court hereby DENIES the Application for Writ of Continuing Garnishment without prejudice.

In the Court's Order requesting supplemental briefing, the Court requested additional information regarding several matters including (1) what happened with the previous writ of garnishment issued by Judge James on December 2, 2014 (Dkt. No. 35), and (2) how the United States identified Mr. Chapman's last known address. The United States' response to both these queries is problematic.

First, with respect to the prior writ of garnishment, the supplemental brief states that "[t]he

Garnishee filed an Answer to the Writ (Answer) on 12/8/14, docket #36." Docket entry 36, however, is the writ of continuing garnishment issued by the Court. The docket does not reflect that the garnishee ever filed an answer in this case; instead, the docket indicates that the writ of garnishment was returned unexecuted. (Dkt. No. 38.) The document filed at docket entry 38 is the identical document as that issued by the Court at docket entry 36 including the blank answer of the garnishee form. The Court could not locate any docket entry which was completed either by State Farm or by a Tisha Leischner as referenced in the United States' filing.

Second, Federal Rule of Civil Procedure 4(e)(2) requires service to be made (a) personally; (b) "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;" or (c) by delivering it to an authorized agent.[1] The United States was thus obligated to serve Mr. Chapman at his residence and not his business address. In its supplemental filing, the United States indicates that it identified Mr. Chapman's last known address by (1) going online and discovering that Mr. Chapman was an automobile insurance agent for State Farm, (2) relying on Tisha Leischner's alleged representation that agents work out of their home, and (3) submitting a Postal Tracer to the United States Post Office using the address that the government found on Mr. Chapman's online advertisement. (Dkt. No. 43 at 2:3-23.) A review of GoogleMaps indicates that the address 250 E. Hamilton Ave. Suite B, Campbell, California is an office complex; it is thus unlikely that it is Mr. Chapman's residential address. Further, for unknown reasons, the United States did not use the TransUnion Risk and Alternative Data Solotions, Inc.'s public record search to locate Mr. Chapman's address which it generally uses to identify a debtor's last known address. Under these circumstances, the United States has made inadequate efforts to identify Mr. Chapman's last known address to effectuate proper service.

The Application for Writ of Continuing Garnishment is therefore DENIED without prejudice. If the United States refiles the application, it shall address the issues raised in this Order and the February 13, 2015 Order.

---

[1] Service may also be made in accordance with state law; under California law, service must be made personally or on an authorized agent. *See* Cal. Civ. P. Code 416.90.

1   This Order disposes of Docket No. 39.

2   **IT IS SO ORDERED.**

3   Dated: March 6, 2015

_Jacqueline Scott Corley_
Jacqueline Scott Corley
United States Magistrate Judge